# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SHERRIE MCBRIDE,**

    **Plaintiff,**

v.                                          **Case No. 8:24-cv-2752-AAS**

**FRANK BISIGNANO,**
**Commissioner of the Social**
**Security Administration,**[1]

    **Defendant.**
_____/

## ORDER

Sherrie McBride requests judicial review of a decision by the Commissioner of Social Security (Commissioner) partially denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g).[2] After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the parties' memoranda, the Commissioner's partially unfavorable decision is **AFFIRMED**.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Under Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as the defendant in this suit.

[2] The ALJ found Ms. McBride was disabled as of April 8, 2023, but not before that date. (Tr. 27).

1

## I. PROCEDURAL HISTORY

Ms. McBride applied for SSI on DIB in September 2021, alleging disability beginning on August 14, 2016. (Tr. 17, 302–21). Ms. McBride later amended her alleged onset date to August 13, 2019. (Tr. 564). Disability examiners denied Ms. McBride's application initially and on reconsideration. (Tr. 17, 234–36, 238–40). Ms. McBride requested a hearing before an ALJ, which was held on January 22, 2024. (Tr. 38–74, 241). On April 2, 2024, the ALJ issued a partially favorable decision, finding that Ms. McBride was disabled beginning on April 8, 2023. (Tr. 14–37). The Appeals Council denied Ms. McBride's request for review, making the ALJ's decision final. (Tr. 1–6). Ms. McBride now requests review of the ALJ's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Ms. McBride was 56 years old on her amended alleged onset date and 58 years old on the date she filed her applications for DIB and SSI benefits. (Tr. 309). Ms. McBride has a limited education, and past relevant work experience as a cashier at Walmart and as a self-employed hair braider. (Tr. 402).

### B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a disability claim.[3] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[4] she is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC). *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy,

---

[3] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[4] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.972.

she is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ found Ms. McBride had not engaged in substantial gainful activity since August 13, 2019, her alleged disability onset date. (Tr. 19). The ALJ found Ms. McBride had these severe impairments since August 13, 2019, the alleged onset date: degenerative disc disease, osteoarthritis, chronic obstructive pulmonary disease, type II diabetes, seizure disorder, obesity, major depressive disorder, and generalized anxiety disorder. (Tr. 19–20). Beginning on the established disability onset date, August 8, 2023, Ms. McBride had these severe impairments: degenerative disc disease, advanced osteoarthritis of the left knee, chronic obstructive pulmonary disease, type II diabetes, neuropathy, seizure disorder, obesity, major depressive disorder, and generalized anxiety disorder. (Tr. 20). However, the ALJ found that since August 13, 2019, Ms. McBride did not have an impairment or combination of impairments that meets or medically equals the severity of an impairment in the Listings. (*Id.*).

The ALJ determined that prior to April 8, 2023, the date Ms. McBride became disabled, Ms. McBride had the RFC to perform light work.[5] (Doc. 21).

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work,

4

Function by function, Ms. McBride was able to:

> [L]ift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours in a workday, and sit 6 hours in a workday. She could never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs and crawl; and frequently stoop, kneel, and crouch. She was limited to no more than a concentrated exposure to extreme cold, extreme heat, wetness and humidity, hazards, and fumes, odors, dust, gases, and pulmonary irritants. She could frequently interact with supervisors and coworkers.

(Tr. 21–22). At step four, with the assistance of a vocational expert (VE), the ALJ determined that, for the period prior to April 8, 2023, Ms. McBride was capable of performing her past work as a cashier and hairdresser, as the jobs are actually and generally performed. (Tr. 25). Thus, the ALJ concluded that Ms. McBride was not disabled prior to April 8, 2023, but the record supported finding she was disabled as of that date. (Tr. 25–28).

## III.  ANALYSIS

### A.  Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more

---

unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

**B.   Issue on Appeal**

Ms. McBride argues that the ALJ erred in determining that she could return to her past relevant work. Specifically, Ms. McBride contends the VE "misclassified [her] past work as a cashier," and that job should have been

6

considered a "composite job." (Doc. 16, pp. 4–7). In response, the Commissioner contends that substantial evidence supports the ALJ's step four determination that Ms. McBride could perform the job of a cashier as she actually performed it or as it generally is performed in the national economy. (Doc. 20, pp. 6–14).

At step four, "[i]n considering whether a claimant can return to past work, the ALJ must (1) consider all the duties of the past relevant work and (2) evaluate the claimant's ability to perform the duties in light of h[er] impairments." *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 953 (11th Cir. 2018) (per curiam) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990)). A "claimant must show that [s]he can no longer 'perform [her] past kind of work, not that [she] merely [is] unable to perform a specific job [she] held in the past.'" *Id.* (emphasis in original) (quoting *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986)). "The burden is on the claimant to show that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy." *Waldrop v. Comm'r. of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) (per curiam) (citing *Jackson*, 801 F.2d at 1293–94). The plaintiff must "show an inability to return to her previous work (i.e., occupation), and not simply to her specific prior job." *Jackson*, 801 F.2d at 1293.

In evaluating the demands of a claimant's past work as actually or as generally performed, an ALJ may consult a VE or other resources, such as the

DOT.⁶ According to Ms. McBride, her past relevant work experience as a Walmart cashier included frequently lifting items weighing 10 pounds or less, with the heaviest weight being 50 pounds. (Tr. 380, 418). She also had to stand and/or walk 6-8 hours a day. (Tr. 403, 418). Ms. McBride claims her responsibilities included operating the cash register, bagging items, and maintaining a clean area. (Tr. 403).

The VE classified Ms. McBride's job as a "cashier," corresponding with DOT # 211.462-010, a job that is light in exertion and unskilled in nature with an SVP 2. (Tr. 61). The ALJ asked the VE whether an individual with Ms. McBride's assessed RFC limitations could perform Ms. McBride's past work as a cashier, as she actually performed it or as it is generally performed in the national economy. (Tr. 68). The VE testified that the hypothetical individual could perform the job as a cashier and that his testimony was consistent with the DOT. (Tr. 68–69). Based on the VE's testimony and the ALJ's comparison of Ms. McBride's assessed RFC to her past relevant work's demands, the ALJ

---

⁶ *See* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2) (stating that a VE may offer evidence "concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy," which "may be helpful in supplementing or evaluating the accuracy of the claimant's description of [her] past work" and the VE "may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work"); SSR 82-61, 1982 WL 31387 ("The . . . [DOT] descriptions can be relied upon—for jobs that are listed in the DOT—to define the job as it is usually performed in the national economy.")

concluded that Ms. McBride could perform her past relevant work as a cashier as actually and generally performed prior to April 8, 2023. (Tr. 25, 68–69).

Ms. McBride argues that although she performed the job of a cashier, she also "frequently performed the duties of a bagger, a medium exertional occupation," making her past relevant work as a cashier a composite job. (Doc. 16, pp. 4, 6). When the claimant's "past relevant work qualifies as a composite job[,]" defined as a job "that has 'significant elements of two or more occupations and, as such, [has] no counterpart in the DOT,'" then "the ALJ must consider the particular facts of the individual case to consider whether the claimant can perform [her] previous work as actually performed." *Smith*, 743 F. App'x at 954 (citing SSR 82-61 at *2). "Past relevant work may qualify as a composite job if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant." *Id.* (quoting POMS DI 25005.020). "Generally, it is the claimant's burden to show that past relevant work was a 'composite job.'" *Bitowf v. Saul*, No. CV 1:19-00845-N, 2021 WL 1183794, at *11 (S.D. Ala. Mar. 29, 2021) (citing *Smith*, 743 F. App'x at 954).

Although Ms. McBride performed some duties beyond those in the DOT's description for a cashier, she does not establish that she performed "significant elements of two or more occupations." The VE considered Ms. McBride's testimony and the record evidence, but did not identify the cashier job as a

9

composite job. (Tr. 66–72). Ms. McBride's counsel also did not object to the VE's classification of Ms. McBride's past relevant work. Ms. McBride has not introduced any evidence about how much time was spent on the purported second occupation of a bagger and has not "otherwise establish[ed] that this duty was a significant element of the job." *Smith*, 743 F. App'x at 954. The mere fact that Ms. McBride performed some additional duties beyond those described in the DOT job description does not mandate a finding that it was a composite job. SSR 82–61, 1982 WL 31387, at *2; *Smith*, 743 F. App'x at 954. Ms. McBride has not met her burden of establishing that the cashier position was a composite job.

In his decision, the ALJ considered Ms. McBride's work history reports, recognizing that she "worked as a cashier for Walmart for a number of years," and requested clarification at the hearing on whether the cashier job included stocking responsibilities. (Tr. 51). The VE also considered Ms. McBride's testimony—including her statement that she was "[j]ust a cashier"—and her work history reports in the record showing she performed duties consistent with the cashier job. (Tr. 51, 67). The ALJ properly considered the VE's testimony and the DOT description for the cashier job. *See* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); SSR 82-62. Although Ms. McBride's description of her cashier job shows there was a distinction between how the cashier job is generally performed in the national economy and how Ms. McBride actually

10

performed it, a claimant is not disabled if she is able to perform her past relevant work either as she actually performed it or as it generally is performed in the national economy. *See* 20 C.F.R. §§ 404.1520(f), 404.1560(b)(2), 416.920(f), 416.960(b)(2); *Fries v. Comm'r of Soc. Sec.*, 196 F. App'x 827, 831-32 (11th Cir. 2006). Ms. McBride fails to show that "[s]he cannot perform the functional demands and job duties of the position generally required by employers nationwide," before April 8, 2023. *Smith*, 743 F. App'x at 954 (citations omitted). The ALJ applied the correct legal standards, and substantial evidence supports the Commissioner's decision that Ms. McBride was not disabled for the relevant period prior to April 8, 2023.[7]

## IV.   CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED,** and the Clerk is directed to enter judgment in favor of the Commissioner and close the file.

**ORDERED** in Tampa, Florida, on December 15, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[7] Although Ms. McBride also argues that the ALJ should not have relied on her past work as a hairdresser because the job was not performed at the level of substantial gainful activity, the court need not reach this argument because substantial evidence supports the ALJ's finding that Ms. McBride could perform the job of a cashier.

11